(105 So. 384)

No. 26609.

**BURGLASS v. J. C. HEALY CO., Inc.**

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Sales ⚖️152—Seller sufficiently put in default for failure to deliver, by letter stating buyer would hold him for damages.**

Seller of furniture *held* sufficiently put in default for failure to deliver, by letter from buyer's counsel concluding with statement that on failure to promptly make deliveries buyer would hold him for difference between sales price and present market price.

**2. Sales ⚖️23(2)—Only last of former orders held canceled under facts.**

Where buyer of furniture ordered certain number of bedroom suites and later ordered all of remaining suites of that grade and subsequently gave an order for a specific number containing notation that all of previous orders for those suites be canceled, *held,* that the cancellation was as to the order for all of the suites only, and not the prior one for a specific number.

**3. Pleading ⚖️36(3)—Admission in answer of allegations of complaint conclusive.**

Where seller's answer admitted receipt of order for furniture as alleged in complaint, contention that order was given to another company through its agent, and that therefore seller was not liable for failure to deliver, was untenable.

**4. Sales ⚖️418(2) — Damage for breach of contract to sell furniture is difference between contract price and market price at place and time of delivery.**

Measure of buyer's damages for seller's breach of contract is the difference between purchase price and market price at place and time delivery should have been made.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by Abraham Burglass against the J. C. Healy Company, Incorporated. Judgment for plaintiff, and defendant appeals. Amended, and as amended affirmed.

F. F. Teissier, of New Orleans, for appellant.

Edward Rightor, of New Orleans, for appellee.

BRUNOT, J. This is a suit for damages resulting from the nonexecution of a certain contract. From a judgment in favor of plaintiff for $2,164, with legal interest thereon from January 30, 1920, until paid, and for costs, the defendant appealed.

The petition alleges that on May 7, 1919, plaintiff gave defendant's representative an

order for four No. 303 red gum bedroom suites, of four pieces each, at $165 per suite, delivery to be made in from 30 to 60 days from the date of the order; that on September 30, 1919, plaintiff gave defendant's representative an additional order for 10 No. 303 red gum bedroom suites, of four pieces each, at $186 per suite, delivery to be made immediately; that both of said orders were accepted by defendant in writing; that defendant failed to deliver to plaintiff any of the furniture covered' by said two orders except four chifforobes at $54 each; that plaintiff made demand verbally and in writing for delivery of the said furniture, without avail; and that the difference between the price at which it was purchased and the market value of the furniture on the dates delivery should have been made is $2,164, for which sum amicable demand was made in vain. Three orders are involved in this suit. They appear in the record as B–3, B–4, and B–5.

The defense is that defendant was not put in default, that the contracts sued on were canceled by mutual agreement, and that the damage sustained is much smaller than the amount sued for.

[1] The letter written by plaintiff's counsel, dated October 31, 1919, marked "B–7" (Trans. p. 9), disposes of the first defense. It refers to the orders, mentions the purchase prices and the nondelivery, and concluded as follows:

"If you fail to promptly make these deliveries, we will hold you for the difference between the price made by you at the time of the dates of the orders and the price at which the goods could be obtained now."

This is a putting in default. Article 1911, C. C.; Watson v. Feibel, 139 La. 375, 71 So. 585.

[2] The defense that the orders filed in the record were canceled by mutual consent was found to be untenable by the district judge. These orders were given at a time of great excitement and, because of the World War, values fluctuated overnight. The order which appears in the record as B–3 is dated 5/7/1919; the order B–4 is dated 8/20/1919, and the order B–5 is dated 9/30/1919. On the order B–5 is the following notation:

"All previous orders for above suites stand canceled.        J. C. Healy Co., Inc."

This order is for 10 suites of 3 pieces No. 303 red gum and 10 No. 159 red gum chiffoniers, at $186 per suite, f. o. b. Tell City, Ind. Defendant contends that this notation evidences a cancellation of all of the orders by mutual consent. Plaintiff contends that it has reference only to the cancellation of the order dated 8/20/1919.

A comparison of the orders shows that the order dated 8/20/1919 was for all of the remaining No. 303 red gum suites, of 4 pieces each, while the order dated 9/30/1919 is for a specific number of said suites, to wit, 10 of them. Therefore the notation on the order of 9/30/1919 refers only, in our opinion, to the order of August 20, 1919. The district judge reached the same conclusion. The testimony of the plaintiff on this point is sought to be rebutted by proof of statements made by him out of court, but we think his explanation of the circumstances under which the statements were made and the particular orders he referred to, or to which he intended to refer, is entitled to credence.

[3] Defendant contended in argument, and urges in his brief, that the order dated 5/7/1919 was given to Tell City Furniture Company through its agent, and that therefore defendant is not liable therefor. No such defense is set up in the answer. On the contrary, the answer admits the allegations of paragraph 2 of plaintiff's petition. That paragraph of the petition alleges:

"That on May 7, 1919, petitioner gave defendant's representative, J. C. Healy, a verbal order for 4 No. 303 red gum bedroom suites, of 4 pieces each, to cost $165 a suite, or a total of

$660, delivery to be made in from 30 to 60 days, which order defendant accepted in writing, the original acceptance of which is in defendant's possession."

To this averment the defendant answered as follows:

"In answer to paragraph II of plaintiff's petition, defendant admits the allegations thereof, with the exception that the order for the furniture was on the order form of defendant and that plaintiff was given a copy of said order and has it in his possession."

[4] This brings us to the quantum of damages the plaintiff is entitled to recover. We are of the opinion that plaintiff should have judgment for the difference between the purchase price of the furniture and its market price f. o. b. cars Tell City, Ind., on the dates delivery thereof should have been made. If plaintiff had gone into the market, and there is no proof in this record that he did so, and had bought the furniture, his damages would have been the difference between the purchase price and the price he was compelled to pay for it. Plaintiff has offered three witnesses who testify to the market price of the furniture in New Orleans on the dates delivery should have been made. Plaintiff is bound by the orders, and they call for delivery f. o. b. cars Tell City, Ind. There is only one witness who gives us the market value of the furniture f. o. b. cars Tell City, Mr. E. G. Hutsteiner, the treasurer and manager of the Tell City Furniture Company, who testifies that on June 7, 1919, the furniture covered by the order' dated 5/7/1919 was worth $186 per set f. o. b. factory; that on July 7, 1919, it was worth $213 per set, and on September 30, 1919, $244 per set. The contract price for the fourteen sets of furniture was. $2,520. The four sets which should have been delivered on July 5, 1919, were worth on that date $852, and the ten sets which should have been delivered on September 30, 1919, were worth on that date $2,440, making a total of $3,292, from which must be deducted the contract price of $2,520, leaving a balance of $772, which is the damage suffered by plaintiff and for the recovery of which he is entitled to judgment. The judgment of the district court is therefore amended by reducing the amount thereof from $2,164 to $772, and as thus amended the judgment is affirmed. As defendant has succeeded in obtaining a substantial amendment of the judgment, the costs of the appeal shall be paid by the appellee.

ROGERS, J., takes no part.